UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID W LEE JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02310-JPH-KMB |
| | ) |
| MATTHEW MYERS, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING COMPLAINT, DIRECTING FILING OF AMENDED COMPLAINT, AND DENYING MOTION FOR COPIES WITHOUT PREJUDICE**

Plaintiff David W. Lee, Jr., is a prisoner currently incarcerated at the Bartholomew County Jail. He filed this civil action under 42 U.S.C. § 1983 alleging that the defendant failed to provide him with adequate medical care. Because Mr. Lee is a "prisoner," this Court has an obligation to screen the complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Lee names one defendant in his complaint: Matthew Myers, the now-former sheriff of Bartholomew County. He seeks money damages. He bases his complaint on the following allegations:

Sheriff Myers had full control of all staff at the Bartholomew County Jail ("Jail"). On February 2, 2021, Mr. Lee used the Jail's kiosk system to request medical attention for an infection on his left foot. A medical provider ordered antibiotics. Two days later, Mr. Lee was transferred from the medical block to J-block. Within a few hours, he was stabbed in the face and taken to an outside hospital for treatment. Doctors at the hospital admitted Mr. Lee because his infected foot had not been treated properly and he needed to have the infection surgically removed. He was scheduled for an appointment at a wound clinic several days later, but the Jail canceled the appointment. He sent a message via the kiosk system asking to see medical because one of the packings fell out of the wound on his foot. He received a response saying that he would be seen when time allowed and medical was available.

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

Under 42 U.S.C. § 1983, a defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). Mr. Lee does not allege that Sheriff Myers was personally involved in denying him adequate medical care. While Sheriff Myers could be liable if he knew about the allegedly unconstitutional conduct and facilitated, approved, condoned, or turned a blind eye toward it, *Gonzalez v. McHenry Cty.*, 40 F.4th 824, 828 (7th Cir. 2022), Mr. Lee's complaint includes no factual allegations that support such an inference. One would not expect Sheriff Myers to be aware of every individual inmate's medical needs and treatment, so the Court cannot infer such personal involvement on the basis of his title alone.

Because the Court has been unable to identify a viable claim for relief against Sheriff Myers, Mr. Lee's complaint is **dismissed for failure to state a claim upon which relief may be granted.**

## IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Lee to amend his complaint if, after reviewing this Court's Order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Lee shall have up to and including **June 8, 2023, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that Mr. Lee is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Mr. Lee may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Lee's copy of this Order.

Any amended complaint should have the proper case number, 1:22-cv-2310-JPH-KMB, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Mr. Lee wishes to pursue in this action.

If Mr. Lee files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

Mr. Lee's motion for copies, dkt. [13], is **denied without prejudice**. If he states a viable claim in this case and the Jail is still refusing to provide him with copies of documents from this case without a Court Order despite his offers to pay for such copies, he may renew his motion. In the meantime, the Court will send Mr. Lee a copy of the public docket sheet in this case. If there are specific documents that Mr. Lee would like to request, he may file a motion asking the Court for copies of those documents.

The **clerk is directed** to enclose copies of the following with Mr. Lee's copy of this Order: (1) public docket sheet; (2) blank prisoner civil rights complaint form.

**SO ORDERED.**

Date: 5/10/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

DAVID W LEE JR
543 2ND STREET
COLUMBUS, IN 47201