UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID W LEE JR,                          )
                                         )
                    Plaintiff,           )
                                         )
          v.                             )      No. 1:22-cv-02310-JPH-KMB
                                         )
MATTHEW MYERS,                           )
                                         )
                    Defendant.           )

## ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER ACTION

Plaintiff David W. Lee, Jr., is a prisoner currently incarcerated at the Bartholomew County Jail. He filed this civil action under 42 U.S.C. § 1983 alleging that he was not provided with adequate medical care for an infection on his foot. The Court dismissed his complaint and directed him to file an amended complaint. Dkt. 15. Mr. Lee has now filed an amended complaint. Because Mr. Lee is a "prisoner," this Court must screen the amended complaint before service on the defendant. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Lee names three defendants in the amended complaint: (1) Matthew Myers, the former Sheriff of Bartholomew County; (2) Roy Washington, the medical provider at the Bartholomew County Jail; and (3) Cindy Weisner, a nurse at the Jail. Dkt. 16 at 2. He seeks damages and injunctive relief. *Id.* at 5. He bases his complaint on the following allegations:

Mr. Lee used the Jail's kiosk system to request medical attention for his left foot. *Id.* at 3. Mr. Washington ordered antibiotics that were not strong enough for the infection. *Id.* Two days later, Mr. Lee was transferred from the medical block to J-Block. *Id.* Within a few hours, he was stabbed in the face and taken to an outside hospital. *Id.* at 2–3. The doctor there admitted Mr. Lee because the infection in his foot had not been treated properly. *Id.* at 4. He was released a few days later. *Id.*

Mr. Lee was supposed to have an appointment at a wound clinic, but the Jail canceled the appointment. *Id.* He sent a kiosk message asking to see someone in the medical department because the packings fell out of the wound

on his left foot. *Id.* He received a response saying he would be seen when time permitted and medical was available. *Id.* He was eventually seen by medical, but the packing was not put in properly and fell out after he took a few steps. *Id.*

Mr. Lee alleges that Nurse Weisner "had looked at the infected foot." *Id.*

He also alleges that Sheriff Myers had "full access" to all kiosk messages and "was over" the medical staff who denied him treatment. *Id.*

### III. Discussion

Applying the screening standard to the facts alleged in the complaint, some claims will proceed as submitted and others will be dismissed.

It is not clear from Mr. Lee's amended complaint whether he was a pretrial detainee or a convicted prisoner. If he was a pretrial detainee, his complaints about his medical care are governed by the objective reasonableness standard of the Fourteenth Amendment; if he was a convicted prisoner, they are governed by the deliberate indifference standard of the Eighth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 350, 353 (7th Cir. 2018). Under either standard, Mr. Lee has adequately alleged that Mr. Washington provided constitutionally inadequate care for the wound on his foot, and his claims against Mr. Washington **shall proceed**.

As to the claims against Nurse Weisner, under 42 U.S.C. § 1983, a defendant can only be liable for the actions or omissions in which she personally participated. *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The only allegation about Nurse Weisner in the amended complaint is that she "had looked" at his foot.

3

Without any further elaboration as to the context in which Nurse Weisner looked at his foot or some factual allegations suggesting that Nurse Weisner was personally responsible for any of the inadequate care Mr. Lee received, he has not plausibly alleged that she personally participated in any constitutional violations. Accordingly, the claims against her are **dismissed for failure to state a claim upon which relief may be granted**.

Finally, to the extent that Mr. Lee is suing Sheriff Myers for damages in his individual capacity, the claims are **dismissed for failure to state a claim upon which relief may be granted**.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). That is, Sheriff Myers is not individually liable for any unconstitutional care simply because he may have supervised medical staff at the Jail. Moreover, the amended complaint lacks factual allegations plausibly suggesting that Sheriff Myers personally violated Mr. Lee's constitutional rights. The only allegation about Sheriff Myers personally is that he had access to kiosk messages at the Jail. Mr. Lee does not, however, allege that Sheriff Myers actually accessed the kiosk messages and thus knew about his medical condition. The Court therefore cannot infer that Sheriff Myers knew about Mr. Lee's requests for medical attention.

To the extent that Mr. Lee is suing Sheriff Myers for damages in his official capacity, his claims are really against the Bartholomew County Sheriff's

4

Department and can proceed only if a policy or custom of the Department caused his constitutional injuries. *See Gonzalez v. McHenry Co., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022). Mr. Lee's amended complaint includes no factual allegations plausibly suggesting that his injuries were caused by such a policy or custom, so any official-capacity claims for damages against Sheriff Myers are **dismissed for failure to state a claim upon which relief may be granted**.

Finally, Mr. Lee asks the Court to enter an injunction requiring that he be provided with proper medical treatment when needed. Given Mr. Lee's allegations about the cancellation of his wound-clinic appointment and the improper packing of his wound and construing his amended complaint liberally, he has adequately alleged that he is currently being provided with constitutionally inadequate medical care. Accordingly, he **may proceed** against the Sheriff of Bartholomew County (who is now Chris Lane) in his official capacity with a claim for injunctive relief. *See Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997) (plaintiff may file suit against state officials seeking prospective equitable relief for ongoing violations of federal law).

In summary, the following claims will proceed: (1) individual capacity claim for damages against Mr. Washington based on allegations that he provided constitutionally inadequate care for Mr. Lee's infected foot; and (2) official capacity claim for injunctive relief against Sheriff Lane based on allegations that he is currently being denied constitutionally adequate medical care. All other claims have been dismissed. If Mr. Lee believes that additional claims were

alleged in the complaint, but not identified by the Court, he shall have **until October 11, 2023,** in which to identify those claims.

The **clerk is directed** to terminate Matthew Myers as a defendant on the docket. The **clerk is directed** to add Cindy Weisner as a defendant on the docket and then terminate her as a defendant on the docket.[1] The **clerk is directed** to add Roy Washington and Sheriff Chris Lane as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Roy Washington and Chris Lane in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [16], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date:  9/19/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] Taking these steps will facilitate entry of final judgment when the case concludes.

6

Distribution:

DAVID W LEE JR
543 2ND STREET
COLUMBUS, IN 47201

Roy Washington—Medical Staff
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Sheriff Chris Lane
543 2nd Street
Columbus, IN 47201