UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID W LEE JR,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      No. 1:22-cv-02310-JPH-KMB
                                   )
ROY WASHINGTON, et al.,            )
                                   )
            Defendants.            )

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AS TO
EXHAUSTION DEFENSE**

Plaintiff David Lee, Jr., filed this action alleging that he received inadequate medical care while an inmate at the Bartholomew County Jail ("BCJ"). Defendants Roy Washington and Christopher Lane separately move for summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motions, dkts. [29] and [30], are **GRANTED.**

**I. Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, a way to resolve a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute over any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson*

1

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour every inch of the record" for evidence that could be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.*

## II. Factual Background

### A. Plaintiff's Claims

Plaintiff alleges that while he was an inmate at BCJ in late 2020-early 2021, he developed an infection in his foot. On February 2, 2021, he submitted

a health care request through the BCJ kiosk system, requesting treatment. Defendant Washington prescribed an antibiotic for Plaintiff but it was ineffective. Two days later, Plaintiff was stabbed by another inmate and taken to a hospital. There, doctors also noted that Plaintiff's infected foot was not being treated properly and drained it and inserted packing into the wound. Plaintiff returned to BCJ a few days later. He was supposed to have a follow-up appointment at a wound clinic but someone at BCJ cancelled it. Also, Plaintiff submitted a medical request because the packing in his foot fell out and there was a delay in Plaintiff being seen for that issue, though he was eventually seen. Plaintiff was released from BCJ on April 1, 2021.

### B. Grievance Process

The BCJ has a standardized grievance process that is set forth in the inmate handbook. It provides, in part, that "[a]ll complaints must be submitted on the available grievance form located on the medication cart and must be submitted within seventy-two (72) hours of the alleged occurrence." Dkt. 29-1, p. 11. Copies of the inmate handbook are available in each BCJ cell block. *Id.* at p. 2.

### C. Plaintiff's Attempts at Exhaustion

Plaintiff did not submit any grievance related to the claims at issue in this case until November 14, 2022, three months after he was again booked into BCJ. *Id.* at p. 2. The grievance states in part, "On 2-2-2021 I had put a medical request about me having an infected foot and was placed on antibiotics why was I not given proper medical treatment till the day after when I got stabbed and was

taken to the hospital . . . ?" *Id.* at p. 16. The BCJ grievance reviewer denied the grievance as untimely. *Id.* ("This complaint is over a year ago."). Plaintiff submitted a grievance on an unrelated issue on December 25, 2020. *Id.* at p. 14.

### III. Discussion

Plaintiff has not responded to Defendants' summary judgment motions by his February 5, 2024 deadline. Both Defendants complied with Local Rule 56-1(k) and provided notice to Plaintiff of his right to respond to the motions.[1]

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). "To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

---

[1] Plaintiff was incarcerated at BCJ when he filed suit but was released on December 15, 2023. Dkt. 29-1, p. 9. His address on the Court's docket appears to be that of BCJ, and he has not filed an updated address with the Court. The Court appreciates Defendant Lane's efforts to serve Plaintiff at an alternative address. It is Plaintiff's obligation to inform the Court of any change of address. *See* dkt. 4 (Notice to Pro Se Litigants).

Although the exhaustion requirement is strict, it "hinges on the availability of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Id.* Thus, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder,* 817 F.3d 1037, 1041 (7th Cir. 2016).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Plaintiff] failed to pursue it." *Thomas v. Reese,* 787 F.3d 845, 847 (7th Cir. 2015). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* "[A] prisoner need not exhaust 'where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint.'" *Dowaun v. Wexford Health Sources, Inc.,* No. 21-2957, 2023 WL 5348345, at *2 (7th Cir. Aug. 21, 2023) (quoting *Booth v. Churner*, 532 U.S. 731, 736 (2001)).

The designated evidence shows that Plaintiff knew of the BCJ grievance process and that it was "available" to him for purposes of the PLRA. Plaintiff had used the grievance process to complain about a different issue at BCJ a few months before the incident(s) at issue in this case. *See* dkt. 29-1 at p. 14. There is no evidence that

Plaintiff was prevented by any factors beyond his control from timely submitting a grievance as to the issues in this case. Moreover, it's clear from both Plaintiff's amended complaint and the grievance he eventually filed in November 2022 that his allegation of inadequate health care at BCJ relates to one incident—the treatment of his infected foot. Neither the amended complaint nor the November 2022 grievance identify any other incidents of inadequate health care. It also is apparent from the amended complaint and November 2022 grievance that Plaintiff knew of the alleged inadequate treatment no later than mid-February 2021, well before his release on April 1.

Plaintiff's November 2022 grievance was therefore filed far beyond the 72-hour deadline for filing a grievance in relation to the treatment of his infected foot in February 2021.[2] *Jervis v. Mitcheff*, 258 F. App'x 3, 5–6 (7th Cir. 2007) ("Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released."); *cf. Marchant v. Cox*, No. 2:19-cv-00093-JRS-DLP, 2020 WL 4472998, at *3 (S.D. Ind. Aug. 4, 2020) (noting that a grievance related to ongoing inadequate treatment of medical condition, as opposed to treatment of an acute condition, is timely so long as facility officials retained the power "to do something about it" when the grievance was filed). Moreover, if there is any doubt as to when or whether to file a grievance, an inmate should "err on the side of exhaustion" and timely initiate

---

[2] Even if the "clock" for filing a grievance began to run again when Plaintiff returned to BCJ in August 2022, he still did not file the grievance for this issue for nearly 3 months.

6

the grievance process. *Williams v. Rajoli*, 44 F.4th 1041, 1046 (7th Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)). There is nothing in the record that would justify the over 18-month delay in Plaintiff's filing a grievance related to the issues in this lawsuit. He failed to exhaust administrative remedies as required by the PLRA.[3]

## IV. Conclusion

For the above reasons, Defendants' motions for summary judgment, dkts. [29] and [30], are **GRANTED**. Final judgment dismissing this action without prejudice shall now issue.

**SO ORDERED.**

Date: 5/30/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DAVID W LEE JR
543 2ND STREET
COLUMBUS, IN 47201

---

[3] Given the Court's resolution of this issue, it need not address Defendant Lane's alternative argument that Plaintiff's injunctive relief claim against him is now moot.

7